UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

TRAVIS ARROWOOD,

        Plaintiff,

  v.                                    Case No. 19-cv-1835-pp

ANDREW SAUL,

        Defendant.

**ORDER GRANTING PLAINTIFF'S AMENDED MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING THE FILING FEE (DKT. NO. 6)**

The plaintiff has filed a complaint seeking judicial review of a final administrative decision denying his claim for disability insurance benefits under the Social Security Act, dkt. no. 1, and a motion for leave to proceed without prepaying the filing fee, dkt. no. 2. The court ordered the plaintiff to file an amended motion for leave to proceed without prepaying the filing fee. Dkt. No. 3. The plaintiff has filed that amended request, dkt. no. 6, and an amended complaint, dkt. no. 5 .

To allow the plaintiff to proceed without paying the filing fee, the court first must decide whether the plaintiff can pay the fee; if not, it must determine whether the lawsuit is frivolous. 28 U.S.C. §§1915(a) and 1915(e)(2)(B)(i).

Based on the facts in the plaintiff's affidavit, the court concludes that he does not have the ability to pay the filing fee. The plaintiff's affidavit indicates that he is not employed, he is not married, and he has no dependents he is

1

responsible for supporting. Dkt. No. 6 at 1. The plaintiff has no wages or salary or any other source of income, and he has monthly expenses of $598 ($415 rent, $183 other household expenses). Id. at 2-3. The plaintiff owns his home, in which he has approximately $35,500 in equity, he does not own an automobile or any other property of value, and he does not have any cash on hand or in a checking or savings account. Id. at 3-4. The plaintiff states, "I am not currently employed as I am disabled. My mother helps me with all of my expenses by working a second job." Id. at 4. Although the court is somewhat confused by the fact that the plaintiff owns his home but lists rent as a monthly expense, the plaintiff has demonstrated that he cannot pay the $350 filing fee and $50 administrative fee.

The next step is to determine whether the case is frivolous. A case is frivolous if there is no arguable basis for relief either in law or in fact. Denton v. Hernandez, 504 U.S. 25, 31 (1992) (quoting Nietzke v. Williams, 490 U.S. 319, 325 (1989); Casteel v. Pieschek, 3 F.3d 1050, 1056 (7th Cir. 1993)). A person may obtain district court review of a final decision of the Commissioner of Social Security. 42 U.S.C. §405(g). The district court must uphold the Commissioner's final decision as long as the Commissioner used the correct legal standards and the decision is supported by substantial evidence. See Roddy v. Astrue, 705 F.3d 631, 636 (7th Cir. 2013).

The plaintiff's amended complaint indicates that he was denied Social Security benefits by the Commissioner for lack of disability, that he is disabled, and that the conclusions and findings of fact by the Commissioner when

2

denying benefits are not supported by substantial evidence and are contrary to law and regulation. Dkt. No. 5 at 1. At this early stage in the case, and based on the information in the plaintiff's complaint, the court concludes that there may be a basis in law or in fact for the plaintiff's appeal of the Commissioner's decision, and that the appeal may have merit, as defined by 28 U.S.C. §1915(e)(2)(B)(i).

The court **GRANTS** the plaintiff's amended motion for leave to proceed without prepaying the filing fee. Dkt. No. 6.

Dated in Milwaukee, Wisconsin this 20th day of December, 2019.

                              **BY THE COURT:**

                              **HON. PAMELA PEPPER**
                              **Chief United States District Judge**